**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ASSOCIATES IN EMERGENCY RESPONSE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**REDLINE GLOBAL, LLC, ATLYS GROUP, LLC, ATLYS GLOBAL, LLC, RANCE MACFARLAND,**<br><br>Defendants. | Civil No. 23-1058 (MBA) |

**OPINION AND ORDER**

Ahead of its September 14, 2026 trial, Plaintiff Associates in Emergency Response ("AER") brings three pre-trial motions *in limine*. First, to obtain miscellaneous pre-trial relief on various "housekeeping" evidentiary issues, discussed in detail in Part II below. (ECF No. 144). Second, to prevent Defendants from arguing that AER's invoices are "invalid, unenforceable, or inadequate solely because Redline did not approve them." (ECF No. 145). Third, to prevent Defendants from arguing several points related to the Funding Agreement between AER and Defendant Redline, namely:

1) Denying the existence and enforceability of a March 14, 2018, Funding Agreement between AER and Redline;
2) Introducing or referring to communications preceding the execution of said Funding Agreement to vary its terms;
3) Referring to the funding agreement as a "loan";

4) Arguing or presenting evidence that interest is payable on these "loans"; and

5) Asserting a legal compensation defense.

(ECF No. 146). Defendants opposed all motions. (ECF Nos. 148, 149, 150). For the reasons discussed below, the Court **DENIES** Plaintiff's *Motion in Limine Regarding Invoice Approval and Audit Requirements* (ECF No. 145), and *Motion in Limine Regarding the Funding Agreement* (ECF No. 146), and **GRANTS in part and DENIES in part** Plaintiff's *Motion in Limine for Miscellaneous Pre-Trial and Trial Relief.* (ECF No. 144).

**DISCUSSION**

Motions *in limine* are designed to streamline the trial process by ruling on appropriate evidentiary issues ahead of time. *See United States v. Grullon*, 996 F.3d 21, 28 n.8 (1st Cir. 2021) ("Motions in limine are a tool for trial lawyers to petition the court to exclude or to include particular pieces of evidence. Judges request them before the trial begins so that thorny evidentiary questions do not interrupt or slow down the proceedings."); *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (noting that motions *in limine* are intended to exclude "anticipated prejudicial evidence before the evidence is actually offered"). A motion *in limine* is not a "vehicle for summary judgment" or intended for "broad advisory rulings untethered to specific testimony or exhibits." *Torres-Rivera v. Centro Medico Del Turabo Inc.*, 215 F. Supp. 3d 202, 208 (D.P.R. 2016); *Nieves v. McDonough*, No. CV 23-1460 (GLS), 2026 WL 1870858, at *3 (D.P.R. June 29, 2026).

**I. Plaintiff's Substantive Motions**

Plaintiff's *Motion in Limine Regarding Invoice Approval and Audit Requirements* (ECF No. 145), and *Motion in Limine Regarding the Funding Agreement.* (ECF No. 146) must be denied because they ask the Court to make substantive determinations on the merits of its claims, including contract interpretation and factual findings. Indeed, Plaintiff advances arguments, and requests rulings on matters that are

substantially similar to those raised in its motions for partial summary judgment, which are still under review. (ECF Nos. 134, 135). Plaintiff does not argue that the various operative agreements are not relevant or otherwise barred by the Federal Rules of Evidence. Rather, Plaintiff asks the Court to resolve issues of contractual liability in what amounts to an unauthorized surreply in support of its claims. *See Shell Co. v. Los Frailes Serv. Station, Inc.*, 596 F. Supp. 2d 193, 201 (D.P.R. 2008) (striking from the record an unauthorized "bait and switch" surreply). A dispositive motion is the appropriate vehicle for a disposition of the legal consequences of the various operative agreements between the parties, not pre-trial motions *in limine*. *See Torres-Rivera*, 215 F. Supp. 3d at 207.

Moreover, because this is a bench trial, the risk of unfair prejudice that may result from the introduction of the materials Plaintiff seeks to keep out, if any, is minor. *See RKR Motors, Inc. v. Perez*, No. 23-60819-CIV, 2025 WL 1591451, at *1 (S.D. Fla. May 12, 2025) (noting that pre-trial exclusion of evidence may be "unnecessary" in bench trials because it "is presumed the judge will disregard inadmissible evidence and rely only on competent evidence") (internal citations omitted). Plaintiff is free to renew its objections during trial, at which point the Court will make appropriate findings in light of the evidence proffered and the foundation laid. *See Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to offer or exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial.").

## II. Miscellaneous Pre-Trial and Trial Relief

Moving on to *Plaintiff's Motion for Pre-Trial and Trial Relief* (ECF No. 144), the Court notes that many of Plaintiff's requests are restatements of issues already covered under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or the Local Rules of the District of Puerto Rico. To the extent that any request requires present action, the Court will briefly address it below. The Court

considers these rulings provisional, however, and may revisit them during the course of the trial. *See Luce*, 469 U.S. at 41-42 ("[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling").

**a. Sequestrations of Witnesses**

Plaintiff requests, pursuant to Federal Rule of Evidence 615, the sequestration of all non-exempt fact witnesses from the courtroom until their testimony is completed. (ECF No. 144 at 1). Defendants do not oppose a sequestrations order "that tracks" Federal Rule 615 so long as it applies equally to both parties. (ECF No. 148 at 3). As noted by Defendants, however, Rule 615(a)(2) does not permit the exclusion of designated corporate officers. (*Id.*); *see* Fed. R. Evid. 615(a)(2). As such, the Court will exclude witnesses from the courtroom to prevent them from hearing other witnesses' testimony, except for corporate officers designated as that party's representative.

**b. Copies of Documents whose Authenticity is not disputed**

Plaintiff requests that parties be authorized to refer to any operative agreement at issue (Teaming Agreement, Funding Agreement, Subcontracts etc.) without the need to establish authentication or "unnecessary custodial or original-document foundation." (ECF 144 at 2). At the Pre-Trial Conference, Defendants indicated they had no objection so long as the documents were produced by Plaintiff during discovery, as evidenced by a corresponding Bates stamp. Accordingly, this request is granted, but the Court notes that Defendants may still launch objections on other grounds at trial. To the extent that the parties reach a consensus on the authenticity of any operative document, that stipulation should be noted as a supplement to the Proposed Pre-Trial Order.

**c. Appearance, Availability and Identification of Witnesses**

Plaintiff requests that designated representatives of the entity defendants (Redline, Group, and Global) be made available during trial, and that opposing counsel should advise of any "witness

scheduling issue" that may affect witness availability. (ECF No. 144 at 3). Defendants confirmed that designated representatives will be present in Puerto Rico, and available at trial. (ECF No. 148 at 4). Thus, no Court action is necessary.

**d. Use of Illustrative Aids and Summaries**

The Court is not opposed to the use of illustrative aids under Federal Rule 107 or to the use of summaries under Federal Rule 1006. *See* Fed. R. Evid. 107, 1006. However, the Court will not issue an order at this time. The Court agrees with Defendants that the admissibility any such materials will be decided when the parties have identified the specific materials they intend to use. (ECF No. 148 at 4). Illustrative aids are not substantive evidence, but summaries are. *See* Fed. R. Evid. 107 ("An illustrative aid is not evidence…"). As such, the proponent of any summary "must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006.

**e. Speaking Objections in the Presence of Witnesses**

Plaintiff requests that "objections during testimony be stated concisely" with additional argument offered only if requested by the Court. (ECF No. 144 at 4). Defendants do not object. Thus, the parties will raise objections per recognized trial practice, and the Court will address them under the Federal Rules as they arise.

**f. Corporate Testimony under Rule 30(b)(6)**

Plaintiff requests the Court to bar Defendants from producing any evidence that conflicts with corporate Defendants' depositions under Federal Rule of Civil Procedure 30(b)(6). (*Id*). As noted by Defendants, any inconsistency between a trial witness's testimony and his or her former deposition testimony will be weighed against that witness's credibility and may be impeached by the opposing party by producing the former testimony. (ECF No. 148 at 5); Fed. R. Civ. Pro. 32(2). The Court will

not issue an order precluding Defendants from producing trial testimony simply because Plaintiff considers it "materially different" from deposition testimony. (ECF No. 144 at 4). The Plaintiff may object at trial, and the Court will consider that objection under the Federal Rules.

**g. Testimony Limited to Witnesses' Personal Knowledge**

Plaintiff also requests the court to limit witness "testifying in their personal capacity" from testifying to "matters, or other events in which they admittedly did not participate." (ECF No. 144 at 5). Plaintiff's request is already addressed by Federal Rule of Evidence 602, which states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. To the extent that a witness' testimony exceeds his or her personal knowledge, Plaintiff is free to object at trial. The Court sees no need to issue an order to this effect at this time.

**h. Identification of Witness Capacity**

Plaintiff requests, and Defendants do not object to, "identifying whether a witness is appearing in an individual capacity, as a corporate representative, or both when that distinction matters." (ECF No. 148 at 6). Defendants have agreed to identify the capacity in which each witness will testify in its Proposed Pre-Trial Order. (ECF No. 148 at 7). As such, the Court sees no need to issue an order to this effect. Whenever a witness testifies, the examining party will lay the proper foundation to ensure that the factfinder clearly understands the capacity in which the witness is testifying.

**i. "Newly Created" Financial Calculations**

Plaintiff requests an order precluding Defendants from producing "newly prepared" financial information "that was not timely disclosed or produced to AER." (ECF No. 144 at 7). In accordance with Local Rule 16 and Federal Rule 1006, any exhibits pertaining to financial calculations will be timely disclosed to the opposing party, as such, no Court action is required. *See* L. Civ. R. 16(c); Fed.

R. Evid. 1006.

**j. Disclosure of Witnesses who may testify contrary to prior Rule 30(b)(6) testimony**

Last, Plaintiff requests an order compelling Defendants to identify any corporate representative who testified under Rule 30(b)(6), and whose testimony will "materially differ[]" for their former testimony. (ECF No. 144 at 7). As discussed above, Defendants will produce a witness list per Local Rule 16. *See* L. Civ. R. 16(c). Plaintiff may use all available remedies under the Federal Rules, including impeachment, to remedy improper testimony at trial. *See* Fed. R. Civ. Pro. 32(2).

**CONCLUSION**

For the aforementioned reasons, the Court **DENIES** Plaintiff's *Motion in Limine Regarding Invoice Approval and Audit Requirements* (ECF No. 145), and *Motion in Limine Regarding the Funding Agreement* (ECF No. 146), and **GRANTS in part and DENIES in part** Plaintiff's *Motion in Lime for Miscellaneous Pre-Trial and Trial Relief.* (ECF No. 144).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this August 28, 2026.

***s/ Mariana E. Bauzá-Almonte***
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge