**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ASSOCIATES IN EMERGENCY RESPONSE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**REDLINE GLOBAL, LLC, ATLYS GROUP, LLC, ATLYS GLOBAL, LLC, RANCE MACFARLAND,**<br><br>Defendants. | Civil No. 23-1058 (MBA) |

## <u>OPINION AND ORDER</u>

Pending before the Court are three motions. (ECF Nos. 156, 158, 159). The first was brought by Defendants Redline Global, LLC ("Redline"), Atlys Group, LLC ("Group"), and Atlys Global, LLC ("Global"), collectively referred to as the "Atlys entities," requesting to quash a subpoena issued against co-Defendant Rance MacFarland ("MacFarland"). (ECF No. 156). The last two were brought by MacFarland himself, appearing pro se, seeking the same relief, and to set aside a default entered against him. (ECF Nos. 158, 159). Plaintiff opposed. (ECF Nos. 162, 163). Following a status conference (ECF No. 164), the Court allowed supplemental filings in support and opposition of MacFarland's motions to set aside his default. (ECF Nos. 165, 171). For the reasons discussed below, the Court deems **MOOT** Defendants' motions to quash the subpoena (ECF Nos. 156, 158), and **GRANTS** MacFarland's motion to set aside his default entry. (ECF No. 159).

## PROCEDURAL BACKGROUND

Plaintiff Associates in Emergency Response, LLC ("AER") filed this action on February 6,

2023, listing Redline, Group, and MacFarland as Defendants. (ECF No. 1). The summons was returned and executed by Group on February 10, 2023. (ECF No. 4). Group then filed a motion to dismiss on April 3, 2023, which was denied without prejudice pending AER's amendment of its complaint. (ECF Nos. 8, 22). AER amended its complaint on March 18, 2024, including Global as a new Defendant. (ECF No. 23). On March 26, 2024, Group again moved to dismiss. (ECF No. 24). This motion was denied. (ECF No. 45). By this time, neither Redline nor MacFarland had appeared in the case.

On April 5, 2024, AER moved for service by publication as to Redline and McFarland. (ECF Nos. 27, 28). In the affidavit supporting that motion, AER averred that its process server made several attempts to locate MacFarland including visiting his neighborhood twice, speaking to the local police department, and inquiring with the local government administrative office. (ECF No. 28-1). The same day, Global executed and returned its summons. (ECF No. 29). The motion for summons by publication as to Redline and MacFarland was granted on April 26, 2024. (ECF No. 33). The summons by publication was issued on May 1, 2026, (ECF No. 34), and AER moved for a default entry on July 24, 2024. (ECF No. 37). Redline then filed an appearance on August 1, 2024, but MacFarland did not. (ECF No. 38). Accordingly, a default was entered against MacFarland on August 13, 2024. (ECF No. 42).

During the subsequent two years the case proceeded with the remaining parties—AER as Plaintiff, and the Atlys entities as Defendants—until a bench trial was set for September 14, 2026. (ECF No. 133). On Saturday September 5, 2026, MacFarland was served with a subpoena to testify at trial. (ECF No. 154). The following week, MacFarland, appearing pro se, moved to quash the subpoena and to set aside the default entry against him. (ECF Nos. 158, 159).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default for "good cause." Fed. R. Civ. P. 55(c). Although "each case necessarily turns on its own unique circumstances" and "no precise formula" should be followed, courts typically consider three non-dispositive factors. *Hughes v. Universal Ins. Co.*, No. CV 21-1460 (SCC), 2022 Dist. LEXIS 3069, *2, 2022 WL 42725, *1 (D.P.R. Jan. 4, 2022) (citation modified) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)); *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (citing *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir.2003)). Those factors are: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Indigo Am., Inc.*, 597 F.3d at 3. Additional factors may include: "(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside the entry of default]." *Id.* Although the party seeking to set aside the default bears the burden of demonstrating good cause, "whenever an entry of default has been entered without an accompanying default judgment ... the standard is particularly generous in favor of the party seeking relief from the entry of default." *Id.*; *Rico Sun Tours, Inc. v. Vargas*, 14-cv-1583, 2014 U.S. Dist. LEXIS 160242, *3, 2014 WL 6068924, *1 (D.P.R. Nov. 13, 2014) (citation omitted).

Service of Process to an individual, governed by Federal Rules of Civil Procedure 4, can be performed by serving an individual personally, "leaving a copy of each at the individual's dwelling," delivering a copy to an agent, or "following state law for serving a summons." Fed. R. Civ. P. 4(e). Under Puerto Rico law, when an individual "cannot be located after reasonable diligence," a court "may order a summons be served by publication." *Lime Homes, LTD v. Figueroa Mojica*, No. CV 20-1072 (SCC), U.S. Dist. LEXIS 246411, *5, 2024 WL 6079411, *2 (D.P.R. Feb. 27, 2024) (subsequent history omitted). Service by publication, although considered a last resort, is not constitutionally

deficient simply because another "untried method of personal service *might* have been successful in notifying that party." *Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir. 1989) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) ("Due process does not require [a] plaintiff to be a private investigator and determine the actual whereabouts of defendants before commencing an action."). Indeed, service of process, including by publication, must simply be "reasonably calculated to notify the parties of the pending suit." *Id.*

Last, Federal Rule of Civil Procedure 45 provides that a subpoena "may command a person to attend trial, hearing, or deposition" only within "100 miles of the where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c). A party to the case may be compelled to attend a trial anywhere "within the state where the person resides, is employed, or regularly transacts business" if it "would not incur substantial expense." *Id.*; *White v. Sunnova Energy Corp.*, No. CV 18-1068 (JAG), 2023 U.S. Dist. LEXIS 244770, *6, 2023 WL 11987709, *1 (D.P.R. Apr. 26, 2023) ("[T]he Court cannot command [a person's] physical presence at trial because the trial will not be held within 100 miles of where they reside, work, or regularly transact business in person.").

## DISCUSSION

First, MacFarland and his co-Defendants seek to quash the subpoena compelling him to testify a trial. (ECF Nos. 156, 158). Second, MacFarland seeks to set aside the entry of default against him, quash the purportedly deficient service of process by publication, and to be provided a "reasonable time with which to appear and respond to the complaint." (ECF No. 159 at 7). Because the result of latter motion will inform the results of the former, the Court will address MacFarland's default entry first.

### I. Default Entry and Service by Publication

Starting with the default entry, MacFarland contends that at all relevant times cited in AER's

complaint, he lived at a Dorado address listed in the summons copy initially mailed to him. (*Id.* at 3). However, in May 2020 he vacated that address but was still residing in Puerto Rico at an address in Rio Grande. (*Id.*). MacFarland avers that he was a "well-known and active participant in the Puerto Rico disaster-recovery and emergency response" and remained "readily locatable through professional, municipal, and industry channels." (*Id.*). Alternatively, MacFarland notes that, through his connections with co-Defendant Global, AER had "direct and obvious access to information" concerning his whereabouts "yet made no apparent attempt to locate" him except a "single certified-mail attempt". (*Id.* at 3–4). Upon further review of the record, however, MacFarland corrected his earlier statement by recognizing that Plaintiff made "efforts over the course of a year" to locate him. (ECF No. 165 at 2).

MacFarland nonetheless maintains that his failure to respond was not willful because he first became aware of this action through the September 2026 subpoena. (*Id.* at 7). In support of this claim, MacFarland offers proof of his severance from the Atlys entities in 2020. (ECF No. 166-1). Furthermore, MacFarland contends that the four-day interval between his notice of this action via subpoena and his first filing denotes a lack of willful delay or evasion. (ECF No. 166 at 4).

Finally, MacFarland contends that he intends to defend "his role in the underlying transactions," and that setting aside his default will not meaningfully prejudice AER, who has been litigating this action against his co-Defendants. (ECF No. 159 at 7). In his supplemental submission, MacFarland contends that Counts V through VIII have already been dismissed as a matter of law as to his co-Defendants. (ECF No. 166 at 8). As such, because the legal failure of these claims "rested on a question of law, not on facts particular to the moving defendants," the dismissal of those claims remains equally applicable to him. (*Id.*). As to the remaining fraud claims that implicated him in an individual capacity, MacFarland sets forth various defenses including statute of limitations, failure to

plead fraud with particularity, and absence of agency relationship, among others. (*Id.* at 9–13). In light of this showing, the Court finds that he has met his burden to set aside the default entry.

First, nothing in the record conclusively suggests that MacFarland attempted to evade participating in this action. He continued living in Puerto Rico until well after the action was filed, and promptly made an appearance once a subpoena to his current address was issued. (*Id.* at 4–6). Additionally, after the default was entered, he would not have received notification of any filing relevant to the case—absent, of course, notification by one of the parties. *See* Fed. R. Civ. P. 5(2) ("No service is required on a party who is in default for failing to appear."). Throughout discovery, there was ample time to locate and depose MacFarland yet no party made any attempt to do so. (ECF No. 79).

AER suggests that MacFarland's relationship with his former employer, Global, raises the inference of prior notice of the action or, at least, "significant credibility questions." (ECF No. 163 at 10). Absent a stronger showing suggesting deliberate concealment, however, that inference should be resolved in MacFarland's favor. *See Coon*, F.2d at 76 ("[A] district court should resolve doubts in favor of a party seeking relief from the entry of a default.").

Second, MacFarland's participation in this case will not unduly prejudice the existing parties. To be sure, MacFarland's appearance the week before planned trial caused a postponement. (ECF No. 164). However, this postponement by itself does not give rise to undue prejudice. *See KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003) ("We have stated elsewhere that in the context of a Rule 55(c) motion, delay in and of itself does not constitute prejudice."). Moreover, this delay is at least partially attributable to the opposing party. For instance, the process servers received the subpoena on September 3, 2026, and served MacFarland on September 5, fewer than ten days before trial. (ECF No. 154). As mentioned above, the parties had ample time to locate and depose

MacFarland during discovery, and were apprised of his current address since—at least—April, 2026. (ECF No. 126-1 at 2). AER cannot wait until the eve of trial to subpoena one of its key witnesses, and then complain that it will suffer prejudice when the trial is postponed.

Beyond delay, MacFarland's appearance will create some minor procedural complications. *See FDIC v. Francisco Inv. Corp.,* 873 F.2d 474, 479 (1st Cir.1989) ("The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion."). Discovery has been closed in this case since last year. (ECF No. 79). Consequently, MacFarland's appearance will create the need for at least some limited discovery. Nevertheless, this discovery will not impose an undue burden on the existing parties given several concessions MacFarland has already offered. (ECF No. 165 at 14). Specifically, MacFarland has agreed to appear for deposition and respond to written interrogatories but will not otherwise contest "the law of the case" as it stands. (*Id.*) He will not seek to reopen full discovery nor seek reconsideration of any rulings previously entered. (*Id.*). As the Court sees it, MacFarland's participation will have the beneficial effect of ensuring the case is fully tried on the merits without disturbing the status quo as to the other parties. *See Coon*, 867 F.2d at 76 (emphasizing the judicial "philosophy that actions should ordinarily be resolved on their merits"). AER and the Atlys entities have already had a full and fair opportunity to litigate this case, MacFarland should be afforded the same.

Third, MacFarland's asserted defenses overcome the "squatty hurdle" of establishing the existence of a meritorious defense. *See Coon*, 236 F.3d at 75. He presented a proposed answer containing detailed responses to AER's operative complaint, and fifteen affirmative defenses. (ECF No. 167). This showing is sufficient, considering that MacFarland need only prove that he had an "arguable defense on some aspects of the claims against [him]." *Indigo Am., Inc.*, 597 F.3d at 4. Accordingly, and in furtherance of the judicial preference of resolving disputes on the merits,

MacFarland's default will be set aside. *See Coon*, 867 F.2d at 76.

This ruling, however, does not affect the validity of his service by publication, which was procedurally sufficient. *See Hugel*, 886 F.2d at 5. Indeed, MacFarland already tacitly conceded this point by recognizing AER's repeated efforts to locate him. (ECF No. 165 at 5). These efforts included conducting an online search for him, and sending a copy of the complaint and summons to MacFarland's address as listed in corporate filings. (ECF No. 28-1 at 2–3). After MacFarland did not respond, the process servers attempted to find him twice by visiting his neighborhood and inquiring about him at the post office and local government. (*Id.*). Unable to locate him, AER presented this evidence to the Court, which then issued an order authorizing service by publication. (ECF No. 33). At this juncture, the Court is not in a position to second guess prior determinations, particularly considering that MacFarland has already been apprised of the claims against him, and he is willing and able to defend his case. (ECF No. 165); *see Mullane*, 339 U.S. 306, 314 (stating that service of process need simply be "reasonably calculated" to inform a party of a pending action). The record is clear that, at the relevant time, AER undertook genuine efforts to locate and serve MacFarland with process. (ECF No. 28).

Accordingly, service by publication will not be quashed. The court will delineate the bounds of a limited discovery schedule at the upcoming status conference to ensure the case proceeds promptly to trial while imposing minimal prejudice on the parties that have participated in the suit thus far. (ECF No. 164).

**II. Subpoena**

MacFarland also moved to quash subpoena ordering him to testify at trial claiming that it impermissibly attempted to compel him to travel more than 100 miles from his residence in West Palm Beach, Florida. (ECF No. 158). AER counters that MacFarland, through his company Pinnacle,

has "substantial business ties" to Puerto Rico. (ECF No. 162 at 3–5). Therefore, the subpoena comports with Rule 45(c)(1)(A) requirements because, even though MacFarland doesn't reside in Puerto Rico, he "regularly transacts business in person" on the island. (*Id.*). Redline and the Atlys entities also moved separately to quash the subpoena, echoing some of MacFarland's arguments and claiming that MacFarland was not provided with sufficient witness fees per 28 U.S.C. § 1821(b). (ECF No. 156 at 3–4).

In light of the fact that the trial date identified in the subpoena was vacated and that MacFarland's default will be set aside, making him an active participant in this case, the Court deems **MOOT** Defendants' motions to quash the subpoena compelling him to testify at trial. (ECF Nos. 156, 158, 164).

**CONCLUSION**

For the aforementioned reasons, the Court **GRANTS** MacFarland's motion to set aside his default. (ECF No. 159). The Court will set aside the Clerk's Entry of Default (ECF No. 42), and hereby **GRANTS** MacFarland leave to file his tendered Answer and Affirmative Defenses. (ECF No. 167). Defendants' motions to quash the subpoena (ECF Nos. 156, 158) are deemed **MOOT**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this September 24, 2026.

***s/ Mariana E. Bauzá-Almonte***
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge